IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AMERICAN NATIONAL PROPERTY
AND CASUALTY COMPANY,

        Plaintiff,

v.                                  3:16-cv-147

DANIEL J. FELIX,

                              JURY TRIAL DEMANDED

        Defendant.

## COMPLAINT IN DECLARATORY JUDGMENT

AND NOW, comes the Plaintiff, American National Property and Casualty Company (ANPAC), by and through its attorneys, Summers, McDonnell, Hudock & Guthrie, P.C., and sets forth the following Complaint in Declaratory Judgment and in support thereof avers as follows:

### THE PARTIES

1. The plaintiff is an insurance carrier which is licensed to and does regularly conduct business in the Commonwealth of Pennsylvania, having a home office in Springfield, Missouri.

2. The plaintiff is a citizen of Missouri.

3. Defendant, Daniel J. Felix, is an adult individual with a last known address of 975 Frankstown Road, Sidman, Cambria County, Pennsylvania 15955.

## JURISDICTION

4. This Honorable Court has jurisdiction pursuant to 28 U.S.C. §1332 inasmuch as the parties are citizens of different states and the amount in controversy is in excess of $75,000.

5. This Honorable Court also has jurisdiction pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201.

## FACTS

6. At all times relevant hereto, defendant was insured under a policy of homeowners insurance issued by the plaintiff. Attached hereto as Exhibit "A" is a true and correct copy of the relevant insurance policy.

7. On or about January 23, 2016, the defendant's home, located at 975 Frankstown Road in Sidman, Cambria County, Pennsylvania was destroyed in a fire.

8. The home in question had been insured by the plaintiff under the aforementioned policy of insurance.

9. Following the fire, defendant made a claim to plaintiff for over one million dollars representing the value of the home and its contents.

10. As part of the claims process, defendant submitted an inventory of items allegedly destroyed in the fire, including a Louis Vuitton purse and a set of 14-carat 1.5 total weight diamond earrings.

11. Defendant signed each page of the inventory and certified that the information submitted was true and correct to the best of his knowledge and that the statement was made under penalties of perjury.

12. On March 30, 2016, defendant gave a sworn statement under oath in which he testified that the Louis Vuitton purse and diamond earrings were lost in the fire.

13. Based upon information and belief, the Louis Vuitton purse and diamond earrings were not destroyed in the fire but are still in existence.

14. At the time that defendant made the statements concerning the alleged loss of the Louis Vuitton purse and diamond earrings, defendant knew that the statements were false and were made with an intent to deceive.

15. Defendant's fraudulent statements were material.

16. Defendant's insurance policy contains a fraud provision which reads in relevant part as follows:

Section I and Section II – Conditions

. . .

> 2. **Concealment or Fraud.** This entire policy shall be void if, whether before or after a loss, any **insured** has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of any **insured** therein, or in case of any fraud or false swearing by any **insured** relating thereto.

17. Based on defendant's fraudulent misrepresentations concerning the Louis Vuitton purse and diamond earrings, plaintiff seeks a declaration from this Honorable Court that the insurance policy is void and that plaintiff has no obligation to indemnify defendant for the fire loss on January 23, 2016.

WHEREFORE, plaintiff seeks a declaration that the insurance policy is void, and plaintiff has no obligation to indemnify defendant for the fire loss on January 23, 2016.

## COUNT II – CIVIL INSURANCE FRAUD

18. Plaintiff incorporates by reference the preceding paragraphs of this Complaint the same as if fully set forth at length herein.

19. Plaintiff has been caused to incur investigation expenses, cost of suit and attorney's fees in connection with its investigation into defendant's claim.

20. Plaintiff has been damaged as a result of defendant's fraudulent misrepresentations and seeks to recover its reasonable investigation expenses, costs of suit and attorney's fees pursuant to 18 Pa.C.S. §4117(g).

WHEREFORE, plaintiff demands judgment in its favor and against defendant and seeks to recover its investigation expenses, cost of suit and attorney's fees incurred in investigating defendant's false claims.

Respectfully submitted,

SUMMERS, MCDONNELL, HUDOCK & GUTHRIE, P.C.

By: _____
Joseph A. Hudock, Jr.
PA I.D. 66064
707 Grant Street, Suite 2400
Pittsburgh, PA 15219
jhudock@summersmcdonnell.com
(412) 261-3232
Counsel for Plaintiff