IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY, | CIVIL ACTION NO. 3:16-cv-147 |
| Plaintiff/Counterclaim Defendant, | ELECTRONICALLY FILED |
| v. | JURY TRIAL DEMANDED |
| DANIEL J. FELIX, | |
| Defendant/Counterclaim Plaintiff. | |

**DEFENDANT DANIEL J. FELIX'S ANSWER, DEFENSES AND COUNTERCLAIMS AGAINST PLAINTIFF AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY**

NOW COMES the Defendant, Daniel J. Felix, by and through his undersigned counsel, who for his Answer and Defenses to Plaintiff's Complaint in Declaratory Judgment and Counterclaims against Plaintiff states as follows:

**THE PARTIES**

1. Defendant is without knowledge of information sufficient to form a belief as to the truth of the statements of paragraph 1 of the Plaintiff's Complaint.

2. Defendant is without knowledge of information sufficient to form a belief as to the truth of the statements of paragraph 2 of the Plaintiff's Complaint.

3. Defendant admits that he resided at 975 Frankstown Road, Sidman, Cambria County, Pennsylvania until the January 23, 2016 fire that destroyed the house on the property.

**JURISDICTION**

4. The statements in paragraph 4 of the Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent a response is deemed required, admitted.

5. The statements in paragraph 5 of the Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent a response is deemed required, denied.

## FACTS

6. Defendant admits the allegations set forth in paragraph 6 of the Complaint.

7. Defendant admits the allegations set forth in paragraph 7 of the Complaint.

8. Defendant admits that his home located at 975 Frankstown Road in Sidman, Cambria County, Pennsylvania was insured by a policy/contract of insurance issued by the Plaintiff.

9. Defendant admits the allegations set forth in paragraph 9 of the Complaint.

10. Defendant admits the allegations set forth in paragraph 10 of the Complaint.

11. Defendant admits the allegations set forth in paragraph 11 of the Complaint.

12. The allegations in paragraph 12 of Plaintiff's Complaint reference a sworn statement taken by Daniel J. Felix on March 30, 2016, and the transcript of this sworn statement is the best evidence of the statements made and speaks for itself. Any statements or averments inconsistent with the transcript of the March 30, 2016 transcript are denied.

13. Defendant denies the allegations set forth in paragraph 13 of the Complaint.

14. Defendant denies the allegations set forth in paragraph 14 of the Complaint.

15. Defendant denies the allegations set forth in paragraph 15 of the Complaint. Additionally, Defendant denies that he made any fraudulent statement to Plaintiff.

16. The statements in paragraph 16 of Plaintiff's Complaint purport to quote from the relevant homeowners insurance policy, which is the best evidence of the terms and speaks for itself. Any statements or averments inconsistent with the relevant homeowners insurance policy are denied.

17. Defendant denies the allegations set forth in paragraph 17 of the Complaint.

## COUNT II — CIVIL INSURANCE FRAUD

18. Defendant re-alleges and incorporates by reference the previous paragraphs of this Answer in response to the allegations set forth in paragraph 18 of the Plaintiff's Complaint.

19. Defendant is without knowledge of information sufficient to form a belief as to the truth of the averments of paragraph 19 of the Complaint.

20. Defendant denies the allegations set forth in paragraph 20 of the Complaint. Additionally, Defendant denies that he has made any fraudulent misrepresentations.

## FIRST DEFENSE

21. Plaintiff fails to, or otherwise cannot, state a claim upon which relief can be granted.

## SECOND DEFENSE

22. Defendant has not breached the policy of insurance.

## THIRD DEFENSE

23. Defendant has not breached any duty owed to Plaintiff.

## FOURTH DEFENSE

24. Defendant was justified in law and fact in all of his actions.

## FIFTH DEFENSE

25. Plaintiff breached the relevant contract of insurance.

## SIXTH DEFENSE

26. Plaintiff denied Defendant's claims under the relevant contract of insurance with knowledge and/or a reckless disregard to the fact that it did not have a reasonable basis for denial.

WHEREFORE, the Defendant/Counterclaim Plaintiff, Daniel J. Felix, respectfully prays that judgment be entered against the Plaintiff/Counterclaim Defendant, in addition to attorneys'

fees and costs expended in this action, any other specific or general relief that may become apparent as this matter progresses, and such other relief as this Court deems proper.

## **COUNTERCLAIM**

NOW COMES the Defendant/Counterclaim Plaintiff, Daniel J. Felix, by and through counsel, who for his counterclaim against Plaintiff/Counterclaim Defendant, American National Property and Casualty Company, states as follows:

1. At all times material and relevant herein, the Defendant/Counterclaim Plaintiff, Daniel J. Felix, resided in Sidman, Cambria County, Pennsylvania.

2. Upon information and belief, Plaintiff/Counterclaim Defendant American National Property and Casualty Company ("American National") is an insurance carrier organized and existing under the laws of the State of Missouri and is licensed to sell homeowners insurance policies and/or homeowners insurance contracts in the State of Pennsylvania, including Cambria County, Pennsylvania.

3. On or about January 23, 2016, Counterclaim Plaintiff Daniel J. Felix's house located at 975 Frankstown Road in Sidman, Cambria County, Pennsylvania ("Frankstown House") and its contents were destroyed by a fire.

4. At the time of the January 23, 2016 fire, the Frankstown House and its contents were insured under a policy and/or contract of homeowners insurance issued by Counterclaim Defendant American National (the "Homeowners Insurance Policy").

5. A copy of the Homeowners Insurance Policy is not attached to this Complaint inasmuch as Counterclaim Defendant American National is already in possession of the same.

6. All premiums due and owing on the Homeowners Insurance Policy were paid in a timely fashion and said policy was in full force and effect on January 23, 2016.

7. Counterclaim Plaintiff Daniel J. Felix has complied with all requirements and policy provisions included in the Homeowners Insurance Policy in making his claim for the damages caused by the January 23, 2016 fire.

8. The Homeowners Insurance Policy States:

> Concealment or Fraud. This entire policy shall be void if, whether before or after a loss, any **insured** has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of any **insured** therein, or in case of any fraud or false swearing by any **insured** relating thereto.

9. On or about June 24, 2016, Counterclaim Defendant American National denied Daniel J. Felix's claim under the Homeowners Insurance Policy in its entirety and filed a Complaint against him in the Western District of Pennsylvania, which contained claims of fraudulent concealment and civil insurance fraud based on the alleged fraudulent inclusion of a Louis Vuitton purse and a set of 14-carat 1.5 total weight diamond earrings on an inventory form submitted by Daniel J. Felix.

10. Counterclaim Plaintiff Daniel J. Felix did not willfully misrepresent any material fact or circumstance in an inventory form submitted to American National for his claim under the Homeowners Insurance Policy.

11. Counterclaim Plaintiff Daniel J. Felix did not knowingly make any false statements to Counterclaim Defendant American National with the intent to deceive.

12. As a result of the January 23, 2016 fire, Counterclaim Plaintiff Daniel J. Felix is legally entitled to recover damages covered under the Homeowners Insurance Policy, including dwelling, personal property, and loss of use coverage.

13. Counterclaim Defendant American National has failed to undertake prompt and reasonable efforts to fairly investigate and evaluate Counterclaim Plaintiff Daniel J. Felix's claims,

or in the alternative, did investigate and evaluate Daniel J. Felix's claims and after the investigation made a deliberate choice to deny the claim without a reasonable basis.

## COUNT I — BREACH OF CONTRACT

14. Counterclaim Plaintiff Daniel J. Felix re-alleges and incorporates by reference the previous paragraphs of this Complaint as if specifically set out herein.

15. On or about January 23, 2016, Daniel J. Felix's house located at 975 Frankstown Road in Sidman, Cambria County, Pennsylvania was destroyed by a fire.

16. On January 23, 2016, Counterclaim Plaintiff Daniel J. Felix's house located at 975 Frankstown Road in Sidman, Cambria County, Pennsylvania was covered by the Homeowners Insurance Policy and, therefore, Mr. Felix is legally entitled to present a homeowners insurance claim against Counterclaim Defendant American National.

17. All premiums due and owing on the Homeowners Insurance Policy were paid in a timely fashion and said policy was in full force and effect on January 23, 2016.

18. At all times material and relevant herein, Counterclaim Plaintiff Daniel J. Felix has complied with all requirements and policy provisions included in the Homeowners Insurance Policy.

19. The Homeowners Insurance Policy States:

> Concealment or Fraud. This entire policy shall be void if, whether before or after a loss, any **insured** has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of any **insured** therein, or in case of any fraud or false swearing by any **insured** relating thereto.

20. On or about June 24, 2016, Counterclaim Defendant American National denied Daniel J. Felix's claim under the Homeowners Insurance Policy in its entirety and filed a Complaint against him in the Western District of Pennsylvania, which contained claims of

6

fraudulent concealment and civil insurance fraud based on the alleged fraudulent inclusion of a Louis Vuitton purse and a set of 14-carat 1.5 total weight diamond earrings on an inventory form submitted by Daniel J. Felix.

21. Counterclaim Plaintiff Daniel J. Felix did not willfully misrepresent any material fact or circumstance in the inventory form submitted to American National for his claims under the Homeowners Insurance Policy.

22. Counterclaim Plaintiff Daniel J. Felix did not knowingly make any false statements to Counterclaim Defendant American National with the intent to deceive.

23. As a result of the January 23, 2016 fire, Counterclaim Plaintiff Daniel J. Felix is legally entitled to recover damages covered under the Homeowners Insurance Policy, including dwelling, personal property, and loss of use coverage.

24. Counterclaim Defendant American National has failed to fairly investigate and evaluate Counterclaim Plaintiff Daniel J. Felix's homeowners insurance claim.

25. Counterclaim Defendant American National has denied Counterclaim Plaintiff Daniel J. Felix's homeowners insurance claim without a reasonable basis.

26. At all times material and relevant herein, Counterclaim Defendant American National had a contractual and statutory duty to fairly and properly investigate and evaluate Counterclaim Plaintiff's homeowners insurance claims in good faith and to effectuate a prompt, fair, and equitable settlement of Counterclaim Plaintiff's claims when liability and its obligations were reasonably clear.

27. Counterclaim Defendant American National has failed to undertake a prompt and fair investigation of Counterclaim Plaintiff Daniel J. Felix's claims, or in the alternative, did undertake an adequate investigation that it then purposely ignored and failed to provide coverage

in good faith and, as a result, Counterclaim Plaintiff Daniel J. Felix has been forced to defend himself in litigation and proceed with litigation in the Western District of Pennsylvania.

28.Therefore, Counterclaim Defendant American National has breached and violated its contractual and statutory obligations under the terms of its insurance contract with Counterclaim Plaintiff Daniel J. Felix.

29.Counterclaim Plaintiff Daniel J. Felix is entitled to receive compensatory damages from Counterclaim Defendant American National to fully and fairly compensate him for the aforementioned damages he suffered as a result of the January 23, 2016 fire.

## COUNT II — BAD FAITH

30.Counterclaim Plaintiff re-alleges and incorporates by reference the previous paragraphs of this Complaint as if specifically set out herein.

31.The acts and omission of Counterclaim Defendant American National in the handling of Counterclaim Plaintiff Daniel J. Felix's claims violated 42 Pa.C.S. § 8371 including, but not limited to, the following particulars:

    a. denying Daniel J. Felix's claims without a reasonable basis, as Mr. Felix did not knowingly make any false statements with the intent to deceive;

    b. denying Daniel J. Felix's claims without a reasonable basis, as Mr. Felix did not willfully misrepresent any material fact in his inventory form submitted to American National for his claim under the Homeowners Insurance Policy;

    c. denying Daniel J. Felix's claim with knowledge and/or with a reckless disregard of its lack of a reasonable basis;

    d. frivolously refusing to pay the damages owed under the Homeowners Insurance Policy;

    e. failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies, which is demonstrated by the fact that Daniel J. Felix's claim was denied without a reasonable basis;

    f. not attempting in good faith to effectuate a prompt, fair, and equitable settlement of the claim when Counterclaim Defendant's liability and obligations were reasonably clear;

    g. failing to objectively and fairly evaluate and investigate Counterclaim Plaintiff's claim, which resulted in a denial of coverage decision without a reasonable basis;

    h. treating the interests of Daniel J. Felix as inferior to American National's own financial monetary interests and gain;

    i. placing its own self-interest ahead of the interest of its insured;

    j. violating the aforementioned contractual and statutory duties owed to Daniel J. Felix under the Homeowners Insurance Policy; and

    k. breaching the implied covenant of good faith and fair dealing inherent in the Homeowners Insurance Policy.

32.    At all times material and relevant herein, Counterclaim Plaintiff Daniel J. Felix has complied with all requirements and policy provisions included in the Homeowners Insurance Policy.

33.    The aforementioned acts and omissions of Counterclaim Defendant American National in the handling of Counterclaim Plaintiff Daniel J. Felix's claims were intentional, willful, wonton, and outrageous in character and were done in bad faith with a conscious disregard for the rights of the Counterclaim Plaintiff.

34.     The aforementioned acts and omissions of Counterclaim Defendant American National caused Counterclaim Plaintiff Daniel J. Felix to experience emotional distress, mental and emotional anguish, inconvenience, annoyance, embarrassment, stress, aggravation, and other general damages.

35.     The acts and omissions of Counterclaim Defendant American National have caused Counterclaim Plaintiff Daniel J. Felix to incur substantial costs, expenses, and attorneys' fees.

36.     The acts and omissions of Counterclaim Defendant American National were of such a nature that Counterclaim Plaintiff Daniel J. Felix is entitled to recover punitive damages from Counterclaim Defendant, in order to punish Counterclaim Defendant and to deter it and others from engaging in similar conduct in the future.

WHEREFORE, the Counterclaim Plaintiff, Daniel J. Felix, respectfully prays that judgment be entered against the Counterclaim Defendant, American National Property and Casualty Company, for compensatory, general and punitive damages in a sum in excess of **SEVENTY-FIVE THOUSAND DOLLARS ($75,000)** to be determined by the jury, prejudgment and post judgment interest, attorneys' fees and costs expended in this action, any other specific or general relief that may become apparent as this matter progresses and such other relief as this Court deems proper.

### A JURY TRIAL IS DEMANDED ON ALL ISSUES

        DANIEL J. FELIX,
        Defendant/Counterclaim Plaintiff,

BY:     */s Bryan D. Pasciak*
        CHRISTOPHER J. REGAN #88771
        BRYAN D. PASCIAK #320039
        BORDAS & BORDAS, PLLC
        One Gateway Center

420 Fort Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
T: (412) 502-5000
F: (412) 709-6343
bpasciak@bordaslaw.com
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I certify that on August 22, 2016, I served a true and correct copy of the foregoing upon all counsel of record via CM/ECF.

*/s Bryan D. Pasciak*
Bryan D. Pasciak, Esquire
