**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY,**     ) | |
| ) | |
| **Plaintiff/Counterclaim-Defendant**   ) | **CIVIL ACTION** |
| ) | |
| **v.**   ) | **NO. 16-147-KRG** |
| ) | |
| **DANIEL J. FELIX,**   ) | |
| ) | |
| **Defendant/Counterclaim-Plaintiff**   ) | |

**PLAINTIFF/COUNTERCLAIM DEFENDANT AMERICAN NATIONAL PROPERTY &
CASUALTY COMPANY'S RESPONSE IN OPPOSITION TO
DEFENDANT/COUNTERCLAIM PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiff/Counterclaim Defendant American National Property & Casualty Company ("American National"), by and through its undersigned counsel, respectfully submits this response in opposition to the Motion for Summary Judgment filed by Defendant/Counterclaim Plaintiff Daniel Felix ("Felix") [ECF Doc. No. 45].

**SUMMARY OF AMERICAN NATIONAL'S OPPOSITION TO FELIX'S
MOTION FOR SUMMARY JUDGMENT**

**This matter arises from a homeowners' insurance claim submitted to American National by Felix as a result of a January 23, 2016 fire at his home. The American National Policy included a Concealment or Fraud provision that voided the Policy if Felix willfully concealed or misrepresented any material fact or circumstance relating to his claim, or if he engaged in any fraud or false swearing. In the course of its investigation, American National learned that two expensive items of personal property claimed by Felix to have been destroyed in the fire—a Louis Vuitton purse and a pair of diamond earrings—were not destroyed, but rather remained in the possession of Felix's ex-fiancée, Kelly Madison, and that Felix knew this when he submitted his claim.**

**American National denied Felix's claim based on his fraudulent inclusion of these items as part of the claimed personal property loss, and it simultaneously filed the instant declaratory judgment and fraud action, in which it seeks Court approval of its claims decision and recovery of fraud damages under 18 Pa. C.S. § 4117. In response, Felix filed a counterclaim for**

breach of contract and insurance bad faith.  Felix has filed this motion for summary judgment as to his breach of contract claim and American National's declaratory judgment action.  Felix's motion should be denied because:

- American National has presented sufficient evidence to submit to the trier of fact the question of whether Felix—with the intent to deceive American National—sought to be paid for the Louis Vuitton purse and the diamond earrings that he knew were not actually destroyed in the subject fire.

- Resolution of the claims and defenses in this case requires a determination of (1) whether Felix intended to make material misrepresentations for the purpose of misleading American National; and (2) whether the various witnesses, including Felix, are credible.  Determinations concerning intent and credibility are the sole province of the factfinder at trial, and are inappropriate to resolve at the summary judgment stage.

- There are numerous genuine disputes of material fact as to the contract claim—including Felix's assertion that a different Louis Vuitton purse and pair of diamond earrings, not the Louis Vuitton purse and diamond earrings in Ms. Madison's possession, were destroyed in the fire—which preclude the entry of summary judgment.

- Contrary to Felix's assertions, American National need only prove Felix's violation of the Concealment or Fraud condition in the Policy by a preponderance of the evidence, which American National is prepared to do.

- Contrary to Felix's assertions, the total value of the property allegedly misrepresented by Felix (as compared to the total value of the claimed loss) is immaterial, because Pennsylvania law and the Policy require that Felix's Policy be deemed void for even a single instance of concealment, misrepresentation, fraud, or false swearing.

## AMERICAN NATIONAL'S RESPONSE TO FELIX'S ALLEGATIONS

In response to Felix's Motion for Summary Judgment, American National avers as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5.       Admitted.

6.       Admitted in part, denied in part.  It is admitted only that American National's denial of Felix's claim was based on his intentional misrepresentation and false swearing that he suffered the loss of a Louis Vuitton purse and a pair of diamond earrings in the subject fire. These misrepresentations violated the Concealment or Fraud condition in the Policy.  American National denies the remaining allegations of this Paragraph because Felix may have made other misrepresentations in making his claim which may be relevant to the issues at trial.

7.       Denied.

8.       Denied.

## I.   American National's Response to Felix's Statement of Undisputed Material Facts

9.       Admitted.

10.      Admitted.

11.      Admitted.

12.      Admitted.

13.      Admitted in part, denied in part.  It is admitted that Felix made claims under the Policy, and that the total claim—including all coverages—exceeded $1,000,000.  It is denied and disputed that Felix's Proofs of Loss were accurate and/or that all of the personal property items represented in Felix's submissions to American National were in fact destroyed in the subject fire.  Specifically, it is disputed that the Louis Vuitton purse and the diamond earrings listed on Felix's initial Proof of Loss, *see* Claim File, Am. Nat'l Ex. 3, at CL 0468-81,[1] were in fact destroyed in the subject fire.  Based on further discovery evidence, American National further

---

[1] Except where otherwise indicated, all references to "Am. Nat'l" exhibits are to the exhibits attached to American National's own Motion for Summary Judgment.  *See* ECF Doc. No. 48.

questions whether some of the other items claimed by Felix were, in fact destroyed in the fire; and whether Felix was aware that they were not destroyed but did not correct his Proofs of Loss. *See, e.g.,* Angela Merrill Dep., Am. Nat'l Ex. 16, at 105-07 (Nikon camera); 108-11 (golf clubs).

14.    Admitted.

15.    Admitted in part, denied in part.  It is admitted that the cause of the fire turned out to be undetermined.  By way of further response, it was not immediately apparent that the fire's cause was undetermined, and the existence of the "red flags," while ultimately not supporting a conclusion that the fire was intentionally set, was directly responsible for the reasonable steps taken by American National to thoroughly investigate the claim—such as the initial referral to the SIU; the hiring of the cause-and-origin investigator; the retention of attorney Hudock; and the decision to request that Felix submit to a Statements Under Oath as permitted under the Policy— which steps uncovered the material misrepresentations made by Felix.  *See* Mathena Dep., Am. Nat'l Ex. 7, at 164-79.

16.    Admitted in part, denied in part.  It is admitted only that Felix presented a personal property claim under the Policy, and that he submitted two sworn Proofs of Loss and supporting documentation for the alleged losses itemized therein, including a Louis Vuitton purse and a set of diamond earrings.  It is denied and disputed that Felix's Proofs of Loss were truthful and/or that all of the personal property items that he claimed were destroyed in the fire were in fact destroyed.  In particular, Felix's initial Proof of Loss specified that the price of the allegedly-destroyed diamond earrings was $1,906.64, which Felix corroborated by submitting a receipt from Littman Jewelers for the sum of $1,906.64 and a MasterCard credit card slip for a transaction dated December 24, 2013.  *See* Additional Claim File Documents, attached hereto as Exhibit A, at CL 0468, Cl 0504, CL 2193.  This documentation establishes that the earrings

referenced in the Proof of Loss were the diamond *stud* earrings that Felix gave to Kelly Madison as a Christmas gift in 2013, which Ms. Madison still has—and not a supposed set of hoop earrings that Felix now suggests was destroyed in the fire.  *See id*.; *see also* Littman Jewelers' Brochure, attached hereto as Exhibit C.   Likewise, Felix's initial Proof of Loss, while not attaching a store receipt, provided a very specific price for the allegedly-destroyed Louis Vuitton purse ($1,358), and Felix corroborated the claim by submitting a bank statement that showed a debit card purchase of that purse from a Louis Vuitton Store in Pittsburgh on December 22, 2014 for the price of $1,358.90.  *See* Addit'l Claim File Docs., Ex. A, at CL 0481, CL 0643.  This documentation establishes that the purse referenced in the Proof of Loss was the *brown* purse that Felix gave to Kelly Madison as a Christmas gift in 2014, which Ms. Madison still has—and not a supposed white purse that Felix now suggests was destroyed in the fire.  *See id*.  It follows that there is *no genuine factual dispute* that the Louis Vuitton purse and diamond earrings identified in Felix's initial sworn Proof of Loss, and in the supporting documents produced by him, were not destroyed in the fire, but rather are the items that remain in the possession of Ms. Madison.  *See* Claim Log, Am. Nat'l Ex. 2, a 10; *see also* Photographs, Am. Nat'l Ex. 11.  There *is* a genuine material factual dispute as to the veracity of Felix's later claim that at the time of the fire there were *two* Louis Vuitton purses (brown and white) and *two* sets of diamond earrings (stud and hoop) that he had purchased for Ms. Madison, and that he was honestly mistaken or forgetful in his preparation of the Proof of Loss form as to which Louis Vuitton purse and set of diamond earrings had been destroyed.

17.    Admitted.   By way of further response, American National incorporates the response in Paragraph 16 *supra* as if set forth here at length.

18.     Admitted in part, denied in part.  It is admitted only that Felix was aware of the Concealment or Fraud condition in the Policy.  American National denies and disputes Felix's characterization of his thoughts and intentions that are set forth in the attached affidavit.

19.     Admitted.

20.     Admitted in part, denied in part.  It is admitted that Felix provided a Statement Under Oath as described.  To the extent that this Paragraph seeks to offer an excuse for any incorrect testimony given by Felix, American National denies and disputes that Felix did not understand the questions asked at the SUO.  Notably, at the outset of the SUO, Felix was told that he was only to answer questions that he understood.  *See* Felix SUO, Felix MSJ Ex. E, at 4-5.

21.     Admitted.

22.     Admitted.

23.     Admitted.

24.     Admitted.

25.     Admitted.

26.     Admitted.

27.     Admitted in part, denied in part.  It is admitted that the quoted text appears in the June 14, 2016 letter from Attorney Hudock to American National.  The remainder of this Paragraph is denied.  By way of further response, it is denied and disputed that Felix has correctly or completely quoted the letter from attorney Hudock.  Specifically, Felix misspells "fiancée" as "fiancé."  *See* Am. Nat'l Ex. 3 at CL 1918.  Moreover, Felix's quotation of this text omits the sentence which appears after the second sentence, and reads: "Furthermore, the insured

has sent a series of text messages to Ms. Madison in which he has inquired about the purse and why she was not using it." *Id.*

28.     Admitted.

29.     Denied.  American National denies and disputes that the "red flags" referenced in this Paragraph by Felix—including the prior house fire and prior insurance claims, as well as other suspicious circumstances—were immaterial, as their existence gave rise to American National's investigation and its decision to turn the case over to its SIU.  *See* Mathena Dep., Am. Nat'l Ex. 7, at 164-79.  The existence of "red flags," while ultimately not supporting a conclusion that the fire was intentionally set, was directly responsible for the reasonable steps that were taken by American National to thoroughly investigate the claim—e.g., the initial referral to the SIU; the hiring of the cause-and-origin investigator; the retention of attorney Hudock; and the decision to request that Felix submit to a Statements Under Oath as permitted under the Policy—which steps uncovered the material misrepresentations made by Felix.  *See id.* Moreover, the text messages between Felix and Madison, most of which were the words of Felix alone, as well as Felix's own testimony at his SUOs, were "materially significant" to American National's decision to deny Felix's claim.  *See* Claim Log, Am. Nat'l Ex. 2, at 8.

30.     Admitted in part, denied in part.  It is admitted that Felix did not refuse to answer any questions during his SUOs.  The remaining allegations are denied as disputed issues of material fact.  Whether Felix was fully cooperative in American National's investigation—which would implicitly require complete honesty in the claim submissions—and whether "every piece" of relevant information was submitted to American National, remain in dispute.  *See* Claim File, Am. Nat'l Ex. 3, at CL 481, CL 643.  By way of further response, at no time during the course of the claim did Felix alert American National that there were two Louis Vuitton purses and two

sets of diamond earrings, as he contended for the first time in discovery in this matter (nearly 17 months after the fire loss, and nearly one year after the denial of his claim); nor did he describe the Louis Vuitton purse or the earrings in the manner in which he now describes them (i.e., a white versus brown purse, studs versus hoop earrings), so that these factual issues remain very much in dispute.  *See* Claim File, Am. Nat'l Ex. 3, at CL 0468-81.

31.    Admitted.  By way of further response, the information submitted by Felix to American National, coupled with the information received from Kelly Madison, made it plain to American National that the items he was claiming in his Proof of Loss were the items still in the possession of Ms. Madison.  *See* Paragraph 16, *supra*.

32.    Admitted in part, denied in part.  It is admitted that American National did not ask Felix about the color of the Louis Vuitton purse.  The information submitted by Felix to American National, coupled with the information received from Kelly Madison, made it plain to American National that the purse he was claiming in his Proof of Loss was the purse still in possession of Ms. Madison, so the issue of color was irrelevant.  *See* Paragraph 16, *supra*.  The remainder of this Paragraph is denied because it assumes that Felix purchased more than one Louis Vuitton purse for Ms. Madison, which is an issue in dispute.  *See* K. Madison Dep., Am. Nat'l Ex. 12, at 34-45; Merrill Dep., Am. Nat'l Ex. 16, at 114.

33.    Admitted in part, denied in part.  It is admitted that American National did not ask Felix what types of diamond earrings he purchased for Kelly Madison.  The information submitted by Felix to American National, coupled with the information received from Ms. Madison, made it plain to American National that the earrings he was claiming in his Proof of Loss were the earrings still in possession of Ms. Madison.  *See* Paragraph 16, *supra*.  The remainder of this Paragraph is denied because it assumes that Felix purchased more than one pair

of diamond earrings for Ms. Madison, which is an issue in dispute. *See* K. Madison Dep., Am. Nat'l Ex. 12, at 59-62.

34. Denied. *See* Paragraph 16, *supra*.

35. Denied. *See* Paragraph 16, *supra*. The reference to a white purse was made for the first time in this litigation.

36. Denied. *See* Paragraph 16, *supra*. The reference to hoop earrings was made for the first time in this litigation.

37. Admitted. By way of further response, in accepting Felix's representations, American National relied on Felix's initial Proof of Loss, which was submitted under oath and subject to penalty of perjury; and Felix's expected compliance under the Policy's duty to cooperate. *See* Policy, Am. Nat'l Ex. 1, at Cl 1005.

38. Admitted. By way of further response, in accepting Felix's representations, American National relied on Felix's initial Proof of Loss, which was submitted under oath and subject to penalty of perjury; and Felix's expected compliance under the Policy's duty to cooperate. *See id*.

39. Denied. To the contrary, Felix had opportunities to correct any misrepresentations or misunderstandings stemming from his initial Proof of Loss during his March 30, 2016 Statement Under Oath, *see* Am. Nat'l Ex. 5; during his May 23, 2016 SUO, *see* Am. Nat'l Ex. 10; shortly after his receipt of American National's June 23, 2016 denial letter, *see* Claim File, Am. Nat'l Ex. 3, at CL 1959; shortly after receiving the declaratory judgment action filed in the instant matter, *see* ECF Doc. No. 1; or at any time thereafter. By way of further response, Felix was well aware that he could correct and/or amend his Proofs of Loss, as evidenced by his submission of a supplemental Proof of Loss on or about April 12, 2016, *see*

Claim File, Am. Nat'l Ex. 3, at CL 1383-95; and his submission of correspondence to American National's counsel on the day before his deposition in this matter, *see* Am. Nat'l Ex. 15.

40.     Admitted in part, denied in part.  It is admitted that American National did not contact Ms. Bloom during the pendency of Felix's claim.  It is further admitted that Ms. Bloom testified in a manner consistent with the statements in this Paragraph.  The remainder of this Paragraph is denied.  American National denies and disputes Felix's characterization of Ms. Bloom's testimony, and it is up to the trier of fact to assess the credibility and veracity of Ms. Bloom's testimony as set forth herein.  By way of further response, at no time during the course of the claim did Felix alert American National that he possessed a white Louis Vuitton purse; rather, he made this assertion for the first time in discovery in this matter (nearly 17 months after the fire loss, and nearly one year after the denial of his claim).  Moreover, Felix's Proofs of Loss did not describe the Louis Vuitton purse in the manner in which he now describes it (i.e., a white versus brown purse).  *See* Claim File, Am. Nat'l Ex. 3, at CL 0481.

41.     Admitted.

42.     Admitted.

43.     Admitted in part, denied in part.  It is admitted American National referred Felix's claim to the Pennsylvania Attorney General for a fraud investigation.  American National is without sufficient knowledge or information to confirm the outcome or internal handling of that referral, and American National therefore denies and disputes Felix's assertion that "nothing ever came of that referral."

44.     Admitted in part, denied in part.  It is admitted only that Felix testified at his deposition, and in an e-mail to Kelly Madison, that over the course of their 3½ year relationship he spent no less than $36,000 on gifts and trips for her.  By way of further response, American

National notes that Felix prepared a detailed listing of the items he purchased for Ms. Madison and the dates and values of same, which was provided to Ms. Madison after their wedding was called off.  *See* Additional Madison Documents, attached hereto as Exhibit B, at MADISON 171-73.  The remainder of this Paragraph is denied and disputed.  Rather than indicating that he cannot recall all of the items he purchased for Ms. Madison and the amounts he spent on them, Felix's e-mail and testimony reveals that he has a very precise memory regarding the items he purchased for her and the amounts he spent on them.  *See id*.  It is up to the trier of fact to assess the credibility and veracity of Felix's testimony as set forth herein.

45.     It is admitted that Felix testified in the manner set forth in this Paragraph.

46.     Admitted in part, denied in part.  It is admitted that Felix testified as quoted in this Paragraph.  The remainder of this Paragraph is denied. American National denies and disputes Felix's characterization of his testimony, and that such testimony "clarified" Felix's position.  It is up to the trier of fact to assess the credibility and veracity of Felix's testimony as set forth herein.  By way of further response, American National notes that Felix's deposition was the first time that Felix claimed he had purchased two Louis Vuitton purses for Ms. Madison.

47.     Admitted in part, denied in part.  It is admitted that Felix testified generally in the manner set forth in this Paragraph.  The remainder of this Paragraph is denied.  American National denies and disputes Felix's characterization of this testimony, to the extent Felix is suggesting such testimony provides a full explanation or clarification of what occurred.  It is up to the trier of fact to assess the credibility and veracity of Felix's testimony.  American National further denies and disputes Felix's assertion that he purchased two Louis Vuitton purses, or that there was a white Louis Vuitton purse in the house at the time of the subject fire.  *See* Merrill

Dep., Am. Nat'l Ex. 16, at 114; Claim Log, Am. Nat'l Ex. 2, at 10; Claim File, Am. Nat'l Ex. 3, at 0468-81.

48.     Admitted.

49.     Admitted in part, denied in part.  It is admitted that Felix's affidavit purports to make these assertions.  The remainder of this Paragraph is denied.  American National denies and disputes the veracity of these claims, and notes further that Felix's Proof of Loss does not provide documentation to support all of these claimed purchases.  *See* Claim File, Am. Nat'l Ex. 3, at 0468-81.

50.     Admitted in part, denied in part.  It is admitted that Felix testified in a manner generally consistent with the statements in this Paragraph, and that his Affidavit, prepared for purposes of this Motion, states the same.  The remainder of this Paragraph is denied.  It is denied and disputed that Felix's alleged "lapses in memory" affected his ability to accurately prepare the Proofs of Loss or to itemize the specific items that he purchased for Kelly Madison during the course of their relationship.  *See* Claim File, Am. Nat'l Ex. 3, at CL 0468-81; *see also* Addit'l Madison Docs., Ex. B, at MADISON 171-73.  **Moreover, it is submitted that Felix's suggestion that he had "lapses in memory," and/or that such "lapses in memory" occurred as a result of alcohol consumption—thus presumably undercutting the accuracy of what he told American National—itself creates issues of material fact as to credibility and intent so as to require denial of Felix's motion for summary judgment.**

51.     Admitted in part, denied in part.  It is admitted that on May 12, 2017, Felix's counsel sent correspondence to counsel for American National, in which Felix purported to "correct" erroneous statements on his Proofs of Loss.  The remainder of this Paragraph is denied.  It is denied and disputed that Felix was "unaware" that these items were not lost in the fire.  It is

up to the trier of fact to assess the credibility and veracity of Felix's testimony on this issue. For example, his former girlfriend, Angela Merrill, has testified that the golf clubs Felix claimed on his Proof of Loss as lost in the fire were at her house in the summer of 2016, and Felix was aware of this fact. *See* Merrill Dep., Am. Nat'l Ex. 16, at 108-11. In addition, Felix claimed that for a period of several months, these golf clubs were in the trunk of the car that he drove to work *every day*; however, Felix claims to not have noticed them, and he did not inform American National that the golf clubs were not lost in the fire until the day before his deposition. *See* Am. Nat'l Ex. 15. By way of further response, Felix's Proofs of Loss were made under oath and subject to penalty of perjury; thus, Felix's claim that he knowingly made claims for items that he was unsure were lost in the fire may have been a violation of his obligations under the Policy. *See* Policy, Am. Nat'l Ex. 1, at CL 1005.

52.     Admitted in part, denied in part. It is admitted only that Ms. Madison testified as quoted in this Paragraph; the remainder of this Paragraph is denied. American National denies and disputes Felix's characterization of Ms. Madison's testimony, and it is up to the trier of fact to assess the materiality of her testimony as set forth in this Paragraph. By way of further response, American National denies and disputes that the referenced testimony by Ms. Madison implies that she passed out because she was inebriated. Ms. Madison testified that she was not a heavy drinker. *See* K. Madison Dep., Felix Ex. F, at 136-37. By way of further response, it is denied that the quoted excerpts address whether Ms. Madison knew whether Felix had bought her a second purse. Finally, it is disputed that this quoted testimony is material to the claims and defenses in this matter—there is no evidence that suggests that Felix was under the influence of alcohol when he prepared his Proofs of Loss or participated in his SUOs.

13

53.     Admitted in part, denied in part.  It is admitted that Ron Madison testified as quoted in this Paragraph.  The remainder of this Paragraph is denied.  American National denies and disputes Felix's characterization of Mr. Madison's testimony, and it is up to the trier of fact to assess the credibility and materiality of Mr. Madison's testimony as set forth in this Paragraph.  By way of further response, American National denies and disputes that the referenced testimony by Mr. Madison asserts that Ms. Madison passed out because she was inebriated.  *See* R. Madison Dep., Felix Ex. M, at 61-62.  To the contrary, Ms. Madison testified that she was not a heavy drinker.  *See* Kelly Madison Dep., Pl. Ex. F, at 136-37.  By way of further response, it is denied and disputed that this testimony is material to the claims and defenses in this matter.

54.     Admitted in part, denied in part.  It is admitted only that Felix testified as quoted in this Paragraph.  The remainder of this Paragraph is denied.  American National denies and disputes Felix's characterization of his testimony, or that such testimony "clarified" any issue regarding the earrings.  It is up to the trier of fact to assess the credibility and veracity of Felix's testimony as set forth herein.  By way of further response, it is denied and disputed that the Littman Jewelers' receipt attached to Felix's Proof of Loss was for the hoop earrings he now claims were destroyed in the fire; to the contrary, this receipt relates to the diamond stud earrings that he gave to Kelly Madison for Christmas 2013 and which remained in the possession of Ms. Madison after the fire.  *See* Paragraph 16, *supra;* Littman Jewelers' Brochure, Ex. C.  Finally, American National denies and disputes that Felix's inclusion of this receipt was a "mistake."  **It is submitted that Felix's suggestion that he made a "mistake" itself creates issues of material fact as to credibility and intent so as to require denial of Felix's motion for summary judgment.**

14

55.     Admitted.  By way of further response, Ms. Madison testified that the temporary loss of her earrings was mysterious; that they were eventually found by Felix in the back seat of her car (where she said she would not have put them); and that she wondered whether Felix might have himself caused them to go missing.  *See* K. Madison Dep., Felix Ex. F, at 58-61.  It is up to the trier of fact to assess the materiality of Ms. Madison's testimony on this point.

56.     Admitted in part, denied in part.  It is only admitted that Ms. Madison testified that she could not say whether Felix had ever bought her another set of diamond earrings.  The remainder of this Paragraph is denied.  It is disputed that Ms. Madison testified unequivocally that she had no knowledge whether Felix had purchased a second Louis Vuitton purse for her.  At one point in her deposition she testified, "No, I know that he did not purchase another one [purse] for me."  *See* K. Madison Dep., Felix Ex. F, at 45.  More importantly, she testified that *she knows Felix never gave her a second purse*—thereby refuting Felix's testimony that the purse that was destroyed in the fire had been *returned to him by Ms. Madison.  See id.* at 44-45 ("Q: Can we agree that Mr. Felix never gave you a second Louis Vuitton purse?  A:  Yes, he never gave me a second purse."); *id.* at 197-199 (Felix had testified that on one occasion he might have offered Ms. Madison a second Louis Vuitton purse, but they had been drinking and she was so mad that she did not take it; Ms. Madison testified that such an event never happened).  American National denies and disputes Felix's characterization of her testimony, and it is up to the trier of fact to assess the credibility and veracity of Felix's testimony on these issues.

57.     Admitted.

58.     Admitted in part, denied in part.  It is admitted that Ms. Shirk and Ms. Bloom testified as set forth in this Paragraph.  The remainder of this Paragraph is denied.  American

National denies and disputes Felix's characterization of their testimony, and it is up to the trier of fact to assess the credibility and veracity of the testimony of Ms. Shirk (Felix's sister) and Ms. Bloom (Felix's close friend) as set forth in this Paragraph.  By way of further response, and in direct contrast to the testimony of Ms. Shirk and Ms. Bloom, Ms. Merrill testified that she had *not* seen any Louis Vuitton purse inside Felix's house before the fire.  *See* Merrill Dep., Am. Nat'l Ex. 16, at 114.

59.     Admitted in part, denied in part.  It is admitted that Ms. Shirk and Ms. Bloom testified as set forth in this Paragraph.  The remainder of this Paragraph is denied.  American National denies and disputes Felix's characterization of their testimony, and it is up to the trier of fact to assess the credibility and veracity of the testimony of Ms. Shirk (Felix's sister) and Ms. Bloom (Felix's close friend) as set forth in this Paragraph.

60.     Admitted.

61.     Admitted in part, denied in part. It is admitted that Felix testified as set forth in this Paragraph.  The remainder of this Paragraph is denied, and does not constitute the recitation of an undisputed material fact.  American National denies and disputes Felix's characterization of his testimony, and it is up to the trier of fact to assess the credibility and veracity of Felix's testimony as set forth in this Paragraph.  By way of further response, there is a dispute between the parties as to Felix's characterization of these e-mails and texts, as they could—and indeed were—reasonably be viewed as threatening Ms. Madison in order to persuade her not to cooperate with American National.  *See* Claim Log, Am. Nat'l Ex. 2, at 5; *see also* Madison Texts, Am. Nat'l Ex. 13, at MADISON 102, 155-56.

## II.  **Standard for Summary Judgment**

62.     Admitted.

63.    Admitted.

64.    Admitted.

65.    Admitted.

66.    Admitted.

67.    Admitted.

68.    Admitted.

69.    Admitted.

70.    Admitted.

71.    Admitted.

### III.   American National's Response to Felix's Statement of Legal Arguments

72.    Admitted.

73.    Admitted.

74.    Admitted in part, denied in part.  It is admitted that the quoted statement appears in the *Wezorek* decision cited by Felix.  By way of further response, this statement is a legal conclusion, to which no response is required.  To the extent that Felix implies that this quote is an accurate statement of the manner in which the Concealment or Fraud condition in the Policy is applied or that this statement demonstrates as a matter of fact that American National breached the Policy, Felix's characterization is denied.

75.    Admitted in part, denied in part.  It is admitted that the quoted statement appears in the *Wezorek* decision cited by Felix.  By way of further response, this statement is a legal conclusion, to which no response is required.  To the extent that Felix implies that this quote is an accurate statement of the manner in which the Concealment or Fraud condition in the Policy

is applied or that this statement demonstrates as a matter of fact that American National breached the Policy, Felix's characterization is denied.

76.     Admitted in part, denied in part.  It is admitted that the quoted statement appears in the *Wezorek* decision cited by Felix.  By way of further response, this statement is a legal conclusion, to which no response is required.  To the extent that Felix implies that this quote is an accurate statement of the manner in which the Concealment or Fraud condition in the Policy is applied or that this statement demonstrates as a matter of fact that American National breached the Policy, Felix's characterization is denied.

77.     Admitted in part, denied in part.  It is admitted that the quoted statement appears in the *Henriquez-Disla* decision cited by Felix.  By way of further response, this statement is a legal conclusion, to which no response is required.  To the extent that Felix implies that this quote is an accurate statement of the manner in which the Concealment or Fraud condition in the Policy is applied or that this statement demonstrates as a matter of fact that American National breached the Policy, Felix's characterization is denied.

78.     Admitted in part, denied in part.  It is admitted that the quoted statement appears in the *Snell* decision cited by Felix.  By way of further response, this statement is a legal conclusion, to which no response is required.  Further, the *Snell* case did not involve an insured's violation of a term of an insurance policy, as is the case here.  To the extent that Felix implies that this quote is an accurate statement of the manner in which the Concealment or Fraud condition in the Policy is applied or that this statement demonstrates as a matter of fact that American National breached the Policy, Felix's characterization is denied.

79.     Admitted in part, denied in part.  It is admitted that the quoted statement appears in the *Wezorek* decision cited by Felix.  By way of further response, this statement is a legal

conclusion, to which no response is required.  Further, the *Wezorek* case involved a claim for rescission of an insurance policy *ab initio*, which is not the case here.  To the extent that Felix implies that this quote is an accurate statement of the manner in which the Concealment or Fraud condition in the Policy is applied or that this statement demonstrates as a matter of fact that American National breached the Policy, Felix's characterization is denied.

80.    Admitted in part, denied in part.  It is admitted that the quoted statement appears in the *Standefer* decision cited by Felix.  It is denied that the evidence in this case does not warrant submission to the trier of fact to determine whether Felix violated the Concealment or Fraud condition in the Policy.  By way of further response, this statement is a legal conclusion, to which no response is required.  To the extent that Felix implies that this quote is an accurate statement of the manner in which the Concealment of Fraud condition in the Policy is applied or that this statement demonstrates as a matter of fact that American National breached the Policy, Felix's characterization is denied.

**1)    There is sufficient evidence upon which a reasonable trier of fact could conclude that Felix misrepresented the loss of a Louis Vuitton purse and a set of diamond earrings in the subject fire. As such, a trier of fact must determine whether Felix violated the Concealment or Fraud condition in the Policy.**

81.    Denied.  By way of further response, there is a dispute of fact as to whether the Louis Vuitton purse and diamond earrings possessed by Kelly Madison were the purse and earrings claimed by Felix on his Proof of Loss.  There is likewise a dispute of both fact and law as to whether Felix violated the Concealment or Fraud condition of the Policy.  Further, it is undisputed that it was not until nearly one year after the denial of Felix's claim for violations of the Concealment or Fraud condition in the Policy that Felix first asserted that he possessed a second, different Louis Vuitton purse; and a second, different set of diamond earrings.

82.     Denied.  By way of further response, Felix's Proofs of Loss specified neither the color of the purse nor the type of diamond earrings.  *See* Claim File, Am. Nat'l Ex. 3, at CL 0468, CL 0481.  Further, the receipt for the diamond earrings that was attached to Felix's Proof of Loss was for a pair of diamond *stud* earrings, not the *hoop* earrings now claimed by Felix.  *See* Felix Dep., Ex. 4 at 151-52, 156-59, 161-62; *see also* Littman Jewelers Brochure, attached to American National's Counter-statement of Undisputed Material Facts as Exhibit C.  Further, it is undisputed that it was not until nearly one year after the denial of Felix's claim for violations of the Concealment or Fraud condition in the Policy that Felix first asserted that he possessed a second, different Louis Vuitton purse; and a second, different set of diamond earrings.

83.     Admitted in part, denied in part.  It is admitted only that Kelly Madison was in possession of a brown Louis Vuitton purse and a set of diamond stud earrings at the time that American National denied Felix's claim.  It is denied that Ms. Madison is American National's "only witness."

84.     Admitted in part, denied in part.  It is admitted that Kelly Madison testified in a manner consistent with the allegations of this Paragraph.  Felix's characterization of Ms. Madison's testimony is denied.

85.     Admitted in part, denied in part.  It is admitted that Becky Shirk and Jessica Bloom testified in a manner consistent with the allegations of this Paragraph.  Felix's characterization of Ms. Madison's testimony is denied.  By way of further response, another witness, Felix's ex-girlfriend, Angela Merrill, testified that she did not see a Louis Vuitton purse or diamond hoop earrings in Felix's house prior to the fire.  *See* Merrill Dep., Ex. 16, at 114.

86.     Denied.  By way of further response, Felix's statements to Ms. Madison could reasonably have been construed as threats against her for her cooperation in American National's

investigation of Felix's claim; and indeed, Ms. Madison testified that she viewed these texts as threatening.  *See* Claim Log, Am. Nat'l Ex. 2, at 5.  Further, whether Felix's statements were threats made to Ms. Madison in response to her cooperation in American National's investigation of Felix's claim, and whether these statements were made in an effort to cover up his violation of the Concealment or Fraud condition of the Policy, are questions of fact and witness credibility that are in dispute and are not properly resolved on summary judgment.

87.     Denied.  As demonstrated in the uncontested record set forth in connection with American National's Motion for Summary Judgment, there is sufficient evidence in the record— such as the threats against Ms. Madison, Felix's questions to her about the purse, the discrepancies in the Proofs of Loss, and that fact that it took nearly one year after the denial of his claim for Felix to assert that there were two purses—to submit to the trier of fact the question of whether Felix violated the Concealment or Fraud condition of the Policy.

88.     Denied.  As demonstrated in the uncontested record set forth in connection with American National's Motion for Summary Judgment, there is sufficient evidence in the record— such as the threats against Ms. Madison, Felix's questions to her about the purse, the discrepancies in the Proofs of Loss, and that fact that it took nearly one year after the denial of his claim for Felix to assert that there were two purses—to submit to the trier of fact the question of whether Felix violated the Concealment or Fraud condition of the Policy.

WHEREFORE, for the reasons set forth herein and in American National's Brief in opposition to Felix's Motion for Summary Judgment, American National respectfully requests that the Court deny and dismiss Felix's motion as regards American National's claim for Declaratory Judgment and Felix's counter-claim for Breach of Contract.

2)      **There is sufficient evidence upon which a reasonable trier of fact could conclude that Felix willfully misrepresented the loss of a Louis Vuitton purse in the subject fire.  As such, a trier of fact must determine whether Felix violated the Concealment or Fraud condition in the Policy.**

89.      Admitted in part, denied in part.  It is admitted that Felix and Ms. Madison testified in a manner consistent with the statements in this Paragraph.  American National denies Felix's characterization of this testimony based upon the uncontested record set forth in connection with American National's Motion for Summary Judgment.  American National further denies that there is no question of fact as to whether Felix lost a Louis Vuitton purse in the subject fire.  American National further denies that the question of *how* a Louis Vuitton purse came to be in Felix's house prior to the subject fire is either relevant or material to the question of whether Felix violated the Concealment or Fraud condition of the Policy.

90.      Denied.  As demonstrated in the uncontested record set forth in connection with American National's Motion for Summary Judgment, there is sufficient evidence in the record— such as the threats against Ms. Madison, Felix's questions to her about the purse, the discrepancies in the Proofs of Loss, and that fact that it took nearly one year after the denial of his claim for Felix to assert that there were two purses—to submit to the trier of fact the question of whether Felix violated the Concealment or Fraud condition of the Policy.

91.      Denied.  As demonstrated in the uncontested record set forth in connection with American National's Motion for Summary Judgment, there is sufficient evidence in the record— such as the threats against Ms. Madison, Felix's questions to her about the purse, the discrepancies in the Proofs of Loss, and that fact that it took nearly one year after the denial of his claim for Felix to assert that there were two purses—to submit to the trier of fact the question of whether Felix violated the Concealment or Fraud condition of the Policy.

WHEREFORE, for the reasons set forth herein and in American National's Brief in opposition to Felix's Motion for Summary Judgment, American National respectfully requests that the Court deny and dismiss Felix's motion as regards American National's claim for Declaratory Judgment and Felix's counter-claim for Breach of Contract.

3)     **There is sufficient evidence upon which a reasonable trier of fact could conclude that Felix willfully misrepresented the loss of a Louis Vuitton purse in the subject fire.  As such, a trier of fact must determine whether Felix violated the Concealment or Fraud condition in the Policy.**

92.      Admitted in part, denied in part.  It is admitted that Felix testified in a manner consistent with the statements in this Paragraph.   American National denies Felix's characterization of this testimony.  American National further denies that there is no question of fact as to whether Felix lost a Louis Vuitton purse in the subject fire; rather, this question turns entirely on the credibility of the various witnesses, and is therefore improper to resolve at the summary judgment stage.  By way of further response, Felix's misrepresentation of how much he paid for the Louis Vuitton purse he claimed to have lost in the subject fire is both relevant and material to American National's claims decision.  Further, it took nearly a year after the denial of his claim for Felix to claim that he had purchased a second Louis Vuitton purse.

93.     Denied.  There is sufficient evidence in the record—including the threats made to Ms. Madison, his questions to her about the whereabouts of the purse following his SUO, and the fact that it took nearly a year after the denial of his claim for Felix to claim that he had purchased a second Louis Vuitton purse—upon which a reasonable trier of fact could find that Felix violated the Concealment or Fraud condition in the Policy.

94.     Denied.  It is disputed that Felix acted in good faith and/or otherwise did not violate the provisions of the Concealment or Fraud condition in making his claim to American National.

WHEREFORE, for the reasons set forth herein and in American National's Brief in opposition to Felix's Motion for Summary Judgment, American National respectfully requests that the Court deny and dismiss Felix's motion as regards American National's claim for Declaratory Judgment and Felix's counter-claim for Breach of Contract.

4)   **There is sufficient evidence upon which a reasonable trier of fact could conclude that Felix willfully misrepresented the loss of a pair of diamond earrings in the subject fire.  As such, a trier of fact must determine whether Felix violated the Concealment or Fraud condition in the Policy.**

95.   Admitted in part, denied in part.  It is admitted that Felix testified in a manner consistent with the statements in this Paragraph.  American National denies Felix's characterization of this testimony.  American National further denies that there is no question of fact as to whether Felix lost a pair of diamond earrings in the subject fire; rather, this question turns entirely on the credibility of the various witnesses, and is therefore improper to resolve at the summary judgment stage.  By way of further response, Felix's misrepresentation of how much he paid for the diamond earrings he claimed to have lost in the subject fire is both relevant and material to American National's claims decision.  Further, it took nearly a year after the denial of his claim for Felix to claim that he had purchased a second pair of diamond earrings.

96.   Denied.  American National denies that there is no question of fact as to whether Felix lost a pair of diamond earrings in the subject fire; rather, this question turns entirely on the credibility of the various witnesses, and is therefore improper to resolve at the summary judgment stage.  By way of further response, Felix's misrepresentation of how much he paid for the diamond earrings he claimed to have lost in the subject fire is both relevant and material to American National's claims decision.  Further, a reasonable trier of fact could find that Felix misrepresented both the existence and the cost of the diamond earrings when making his claim, such that he violated the Concealment or Fraud condition of the Policy.  It took nearly a year

after the denial of his claim for Felix to claim that he had purchased a second pair of diamond earrings and to correct the alleged "mistake" regarding the receipt and purchase price.

97.    Denied.  As demonstrated in the uncontested record set forth in connection with American National's Motion for Summary Judgment, there is sufficient evidence in the record— including the threats made to Ms. Madison; and the fact that it took nearly a year after the denial of his claim for Felix to claim that he had purchased a second pair of diamond earrings and to correct his misrepresentation regarding the price of same—that a reasonable trier of fact could find that Felix violated the Concealment or Fraud provision in the Policy.

WHEREFORE, for the reasons set forth herein and in American National's Brief in opposition to Felix's Motion for Summary Judgment, American National respectfully requests that the Court deny and dismiss Felix's motion as regards American National's claim for Declaratory Judgment and Felix's counter-claim for Breach of Contract.

**5)    There is sufficient evidence upon which a reasonable trier of fact could conclude that Felix willfully misrepresented the loss of a Louis Vuitton purse and a pair of diamond earrings in the subject fire.  As such, a trier of fact must determine whether Felix violated the Concealment or Fraud condition in the Policy.**

98.    Denied.  To the contrary, a reasonable trier of fact could conclude that this evidence—including the threats made to Ms. Madison and the fact that it took Felix nearly a year from the denial of his claim to assert that he had purchased two pairs of earrings and two Louis Vuitton purses—proves that Felix violated the Concealment or Fraud condition of the Policy.

99.    Denied.   Contrary to Felix's assertions, American National has presented sufficient evidence—such as the threats made to Ms. Madison; the fact that it took Felix nearly a year from the denial of his claim to assert that he had purchased two pairs of earrings and two Louis Vuitton purses; and the testimony of independent witnesses (Kelly Madison and Ron Madison)—for a reasonable trier of fact to conclude that Felix violated the Concealment or

Fraud condition of the Policy.  Moreover, the question of whether Felix violated this condition of the Policy turns largely on the credibility of the various witnesses, and it is improper for the Court to make such a determination at the summary judgment stage.

100.    Denied.  By way of further response, under Pennsylvania law and the terms of the Policy, any violation of the Concealment or Fraud condition of the Policy by Felix—irrespective of the value of the items misrepresented or the total value of his claim—is sufficient to void the Policy in its entirety.  Accordingly, the total value of the property loss misrepresented by Felix is immaterial.

101.    Denied.  The allegations of this Paragraph are legal conclusions, to which no response is required.  To the extent that these allegations are deemed to be factual, American National hereby denies same.  As demonstrated in the uncontested record set forth in connection with American National's Motion for Summary Judgment, there is sufficient evidence in the record—such as the threats against Ms. Madison, Felix's questions to her about the purse, the discrepancies in the Proofs of Loss, and that fact that it took nearly one year after the denial of his claim for Felix to assert that there were two purses—to submit to the trier of fact the question of whether Felix violated the Concealment or Fraud provision of the Policy.

102.    Denied.  As demonstrated in the uncontested record set forth in connection with American National's Motion for Summary Judgment, there is sufficient evidence in the record— such as the threats against Ms. Madison, Felix's questions to her about the purse, the discrepancies in the Proofs of Loss, and that fact that it took nearly one year after the denial of his claim for Felix to assert that there were two purses—to submit to the trier of fact the question of whether Felix violated the Concealment or Fraud condition of the Policy.

WHEREFORE, for the reasons set forth herein and in American National's Brief in opposition to Felix's Motion for Summary Judgment, American National respectfully requests that the Court deny and dismiss Felix's motion as regards American National's claim for Declaratory Judgment and Felix's counter-claim for Breach of Contract.

POST & SCHELL, P.C.

BY: _____

**Richard L. McMonigle, Jr., Esq.**
  (PA ID: 33565)
**Bryan M. Shay, Esq.**
  (PA ID: 205953)
Four Penn Center, 13th Fl.
1600 John F Kennedy Blvd.
Philadelphia, PA  19103
215-587-1019  (phone)
215-587-1444 (fax)
*Attorneys for Plaintiff/Counterclaim*
*Defendant AMERICAN NATIONAL*
*PROPERTY AND CASUALTY COMPANY*

**Dated: 3/14/2018**

## <u>CERTIFICATE OF SERVICE</u>

I, Richard L. McMonigle, Esquire, hereby certify that I caused a true and correct copy of the foregoing Plaintiff/Counterclaim Defendant's <u>Response in Opposition to Defendant/Counterclaim Plaintiff's Motion for Summary Judgment</u>, along with a Brief, proposed form of Order, and response to Concise Statement of Undisputed Material Facts to be filed with the Court via its ECF service.  Service of the foregoing Motion was made on all counsel of record via the Court's ECF system

**POST & SCHELL, P.C.**

BY: _____

**Richard L. McMonigle, Jr., Esq.**
  (PA ID: 33565)
**Bryan M. Shay, Esq.**
  (PA ID: 205953)
Four Penn Center, 13th Fl.
1600 John F Kennedy Blvd.
Philadelphia, PA  19103
215-587-1019  (phone)
215-587-1444 (fax)
*Attorneys for Plaintiff/Counterclaim*
*Defendant AMERICAN NATIONAL*
*PROPERTY AND CASUALTY COMPANY*

**Dated: <u>3/14/2018</u>**