IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY, | ) ) ) | Case No. 3:16-cv-147 |
| | ) | JUDGE KIM R. GIBSON |
| Plaintiff and Third-Party Defendant, | ) ) | |
| v. | ) ) | |
| DANIEL J. FELIX, | ) ) | |
| Defendant and Third-Party Plaintiff. | ) | |

## MEMORANDUM ORDER

Before the Court is Plaintiff-Counterclaim Defendant American National Property and Casualty Company's ("ANPAC") Motion in Support of the Admissibility of Text Messages Between Daniel Felix and his Former Girlfriend. (ECF No. 120.) Defendant-Counterclaimant Daniel J. Felix ("Felix") filed a response. This Motion is fully briefed (*see* ECF Nos. 121, 148) and is ripe for disposition.

I.    Background

This case arises from alleged misrepresentations that the insured, Felix, made when he submitted an insurance claim for property destroyed by a fire at his home, which ANPAC insured. (ECF No. 122 ¶¶ 4-5.). Specifically, ANPAC alleges that Felix fraudulently listed two items of property—a Louis Vuitton purse and a set of diamond earrings—on the Proof of Loss form that Felix submitted to ANPAC, even though Felix knew these items were not destroyed in the fire. (*Id.* ¶ 5.)

The fire at Felix's house took place on January 23, 2016. (ECF No. 118 ¶ 1.) ANPAC denied Felix's claim because Felix allegedly violated the "Concealment and Fraud" provision in the

policy that ANPAC issued to Felix. (*Id.* ¶ 2.) Subsequently, on June 24, 2016, ANPAC filed a Complaint in this Court seeking (1) a declaratory judgment that the policy ANPAC issued to Felix is void and that ANPAC has no duty to indemnify Felix for the fire loss, and (2) damages for civil insurance fraud under 18 Pa. Cons. Stat. § 4117(g). (*See* ECF No. 1.) Felix filed an answer and counterclaims for breach of contract and bad faith.[1] (*See* ECF No. 6.)

The instant Motion involves text messages between Felix and Angela Merrill ("Merrill"). Merrill and Felix had a romantic relationship prior to and after the 2016 fire. (ECF No. 94 ¶ 10.) Felix was driving to Merrill's home in Maryland on the day that the 2016 fire broke out at Felix's home. (*Id.* ¶ 11.)

Merrill was deposed twice in this case. (*Id.* ¶ 12.) In her depositions, Merrill testified about her knowledge of the 2016 fire, her knowledge of various items on the Proof of Loss form that Felix submitted to ANPAC, and about her relationship with Felix. (*Id.* ¶¶ 17-19.) Merrill eventually produced data from her cell phones to ANPAC's counsel. (*See* ECF No. 120.) During ANPAC's investigation of Felix's fire-loss claim and the pendency of this lawsuit, Felix broke into Angela Merrill's home in Maryland. (*See* ECF No. 118.)

ANPAC's counsel eventually obtained relevant text messages from Merrill's cell phone. ANPAC seeks to admit text-message exchanges between Felix and Merrill on the following topics:

(1) Felix's possession of a set of golf clubs after the fire that he claimed to ANPAC were destroyed in the fire;

(2) Merrill's possession of a Movado watch that Felix left at her house. Merrill believed that Felix misrepresented to ANPAC that this Movado watch was destroyed in the 2016 fire;

---

[1] Felix's bad-faith counterclaim was dismissed at the summary judgment stage. (*See* ECF No. 72.)

(3) Felix making threats to Merrill that he would reveal intimate photographs of her if she cooperated with ANPAC;

(4) Messages about a second Louis Vuitton purse and a second set of diamond earrings that were allegedly in Felix's house at the time of the fire; and

(5) Felix's breaking into Merrill's home in Maryland and stealing her property.

(ECF No. 120 ¶ 123.)[2]

## II.   Discussion

ANPAC argues that the text messages between Felix and Merrill are relevant and probative of important issues in this case. (*Id.* ¶¶ 19-27.) Specifically, ANPAC argues that the "text messages are highly relevant and probative not of Felix's bad character, but of his plan, motive, knowledge, and consciousness of guilt with respect to his claim with American National." (*Id.* ¶ 24.)

In response, Felix argues that the text messages between he and Merrill are irrelevant to the issues in this case and improper character evidence under Rule 404. *See* FED. R. EVID. 401, 404. Felix attacks the admissibility of each set of text messages individually—about the golf clubs, Movado watch, the break-in at Merrill's house, and the Louis Vuitton purse and diamond earrings—but presents similar arguments against the admissibility of each. (ECF No. 148 at 2-5.)

The Third Circuit has held that "[a]dmissibility under FRE 404(b) requires: (1) a proper evidentiary purpose; (2) relevance under FRE 402;[3] (3) a weighing of the probative value of the

---

[2] Selected text-message exchanges between Felix and Merrill are attached as exhibits to ANPAC's Motion. (*See* ECF No. 120.)

[3] Rule 402 provides that "[r]elevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; the [Federal Rules of Evidence]; or other rules prescribed by the Supreme Court." FED. R. EVID. 402. Here, the Court finds that the relevance of this evidence is not barred by the Constitution, a federal statute, or another rule prescribed by the Supreme Court. Therefore, the Court finds that the text-message exchanges between Felix and Merrill are admissible so long as they

evidence against the prejudicial effect under FRE 403; and (4) a limiting instruction on the purpose for which the evidence may be used." *United States v. Mastrangelo*, 172 F.3d 288, 294-95 (3d Cir. 1999) (citing *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988)).

Here, the Court finds that the text-message exchanges between Felix and Merrill meet all the requirements as admissible evidence under Rule 404(b). FED. R. EVID. 404(b). The Court firstly finds that ANPAC is introducing these text messages for a proper evidentiary purpose. *See Mastrangelo*, 172 F.3d at 294. ANPAC is not attempting to use these text messages to show that Felix has bad character. *See* FED. R. EVID. 404(a) ("Evidence of a person's character or character trait is not admissible to prove that on a certain occasion the person acted in accordance with the character or trait."). Rather, ANPAC is introducing these text-message exchanges to show Felix's "consciousness of guilt," his knowledge of the alleged fraud he perpetrated, and his plan to conceal his alleged fraud. (ECF No. 121 at 2-3.) Accordingly, the Court finds that ANPAC has a proper evidentiary purpose for introducing the text messages. *See, e.g., United States v. Bamberger*, 940 F.2d 1119, 1126 (3d Cir. 1972); *Johnston v. Love*, 940 F. Supp. 738, 751 (E.D. Pa. 1996) (holding that evidence indicating a "consciousness of guilt" was offered for a proper evidentiary purpose).

Similarly, the probative value of the text messages outweighs any potential prejudice to Felix under Rule 403. The text-message exchanges between Felix and Merrill are probative of several important issues in this case and the Court finds that Felix will not be unduly prejudiced by their introduction.

---

meet the requirements for character evidence under Rule 404. And as discussed below, the Court finds that the text-message exchanges are acceptable evidence under Rule 404.

First, the text-message exchanges are probative of important aspects of ANPAC's insurance-fraud claim and affirmative defense to Felix's breach-of-contract claim. The key issue in ANPAC's insurance fraud and declaratory judgment claims is whether Felix misrepresented that a Louis Vuitton purse and diamond earrings were destroyed in the fire. Felix and Merrill exchanged text messages about whether a Louis Vuitton purse and diamond earrings—which allegedly turned out to be in Kelly Madison's possession—were indeed destroyed in the 2016 fire. (ECF No. 121 at 4; ECF No. 120-7 at 289, 925.) In these text-message exchanges, Felix and Merrill discuss whether there was a Louis Vuitton purse or diamond earrings in Felix's house before the fire. (*Id.*) Therefore, these text messages are probative of Felix's knowledge of the whereabouts of the purse and earrings, which is the key underlying issue in ANPAC's insurance fraud and declaratory judgment claims. These text messages are also relevant to ANPAC's rebuttal of Felix's anticipated testimony that there were two sets of Louis Vuitton purses and diamond earrings— one set in Kelly Madison's possession and one set that was destroyed in the fire. (*Id.*)

Moreover, text messages between Felix and Merrill are relevant to ANPAC's affirmative defense to Felix's breach-of-contract claim. As an affirmative defense, ANPAC alleges that Felix's misrepresentations during the claims process violated a provision in the policy, thus voiding coverage under the policy.[4] (*See* ECF No. 164 at 4.) Therefore, the text messages regarding the Movado watch and golf clubs—items that Felix allegedly misrepresented as destroyed in the

---

[4] The language of the insurance policy that ANPAC issued to Felix contained a provision that voids coverage under the policy if the insured makes *any* misrepresentation regarding *any* aspect of the claim. (*See* ECF No. 164 at 3-4.)

fire—are probative of whether Felix's conduct during the claims process violated the policy language.

Second, as previously discussed, the text messages show that Felix had a "consciousness of guilt" and knowledge that he allegedly perpetrated a fraud on ANPAC. The text messages between Felix and Merrill about the set of golf clubs and Movado watch can be used to show that Felix knew that certain items survived the fire, even though he claimed them as destroyed on the Proof of Loss form that he submitted to ANPAC. Similarly, text messages between Felix and Merrill about the Felix breaking into Merrill's house in Maryland are relevant to Felix's consciousness of guilt and an effort to cover-up his alleged fraud.

The Court also notes that these text-message exchanges create a hearsay issue because they are out-of-court communications offered for the truth of their content. (*See* ECF No. 147 ¶ 29.) The Court finds, however, that text messages that Felix sent to Merrill are not hearsay under Rule 802(2)(A) because the statements that Felix made are being offered against him by ANPAC, which is an opposing party. FED. R. EVID. 802(2) ("A statement is . . . not hearsay [when] the statement is offered against an opposing party and was made by the party in an individual or representative capacity.") Accordingly, the Court finds that Felix's text messages to Merrill are not hearsay under the Rule 802. However, text messages sent by Merrill and other individuals are subject to hearsay objections at the time of trial.

## III. Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED** that ANPAC's Motion in Support of the Admissibility of Text Messages Between Daniel Felix and his Former Girlfriend (ECF No. 120) is **GRANTED IN PART.**

The Motion is granted to the extent that ANPAC is generally permitted to introduce evidence of text-message exchanges between Felix and Merrill. However, text messages sent by individuals other than Felix are subject to hearsay objections.

DATED: November 21, 2018

BY THE COURT:

*Kim R. Gibson*

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE