IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY, | ) ) ) | Case No. 3:16-cv-147 |
| Plaintiff and Third-Party Defendant, | ) ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) | |
| DANIEL J. FELIX, | ) ) | |
| Defendant and Third-Party Plaintiff. | ) | |

MEMORANDUM ORDER

Before the Court is Defendant-Counterclaimant Daniel J. Felix's ("Felix") Motion *in Limine* #2 to Exclude Evidence of or Reference to the Underlying Arson Investigation or Basis for Investigating Arson as the Possible Cause and Origin of the January 23, 2016 Fire. (ECF No. 86.) Plaintiff-Counterclaim Defendant American National Property and Casualty Company ("ANPAC") filed a response. (ECF No. 169.) This Motion is fully briefed (*see* ECF Nos. 87, 170) and is ripe for disposition.

I.  Background

This case arises from alleged misrepresentations that the insured, Felix, made when he submitted an insurance claim for property destroyed by a fire at his home, which ANPAC insured. (ECF No. 122 ¶¶ 4-5.). Specifically, ANPAC alleges that Felix fraudulently listed two items of property—a Louis Vuitton purse and a set of diamond earrings—on the Proof of Loss form that Felix submitted to ANPAC, even though Felix knew these items were not destroyed in the fire. (*Id.* ¶ 5.)

The fire at Felix's house took place on January 23, 2016. (ECF No. 118 ¶ 1.) ANPAC denied Felix's claim because Felix allegedly violated the "Concealment and Fraud" provision in the policy that ANPAC issued to Felix. (*Id.* ¶ 2.) Subsequently, on June 24, 2016, ANPAC filed a Complaint in this Court seeking (1) a declaratory judgment that the policy ANPAC issued to Felix is void and that ANPAC has no duty to indemnify Felix for the fire loss, and (2) damages for civil insurance fraud under 18 Pa. Cons. Stat. § 4117(g). (*See* ECF No. 1.) Felix filed an answer and counterclaims for breach of contract and bad faith.[1] (*See* ECF No. 6.)

In the instant Motion, Felix argues that the Court should exclude any evidence of or reference to any investigation into whether the 2016 fire at Felix's home was caused by arson. Both ANPAC and law enforcement conducted arson investigations. (ECF No. 86 ¶¶ 11-13, 20-22.)

ANPAC suspected that the 2016 fire at Felix's home was an arson because it happened soon after the 2013 fire at Felix's home. (ECF No. 86 ¶ 9.) ANPAC hired three separate professional vendors—Investigations by King, LLC, Pyr-Tech, Inc., and Churchwell Fire Consultants, Inc.—to analyze whether the 2016 fire at Felix's home was caused by arson. (*Id.* ¶¶ 10-22.) Ultimately, none of these vendors concluded that the 2016 fire at Felix's home was caused by arson.[2] (*Id.* ¶¶ 11-12, 15, 19.) Similarly, there is no evidence that either the Croyle Township Police or Pennsylvania State Police determined that the 2016 fire was caused by arson. (*Id.* ¶ 23.)

---

[1] Felix's bad-faith counterclaim was dismissed at the summary judgment stage. (*See* ECF No. 72.)
[2] Investigations by King, LLC, was hired by ANPAC to survey the neighborhood, obtain witness statements, and gather other intelligence. While the objectives of Investigations by King's work were not clear, he did not ultimately conclude there was an arson. (*See* ECF No. 91-1.) Pyr-Tech, Inc. released a report stating that its investigator "was unable to determine the first fuel ignited or the heat source, therefore, the cause of and classification of the fire is undetermined." (ECF No. 91-3.) Finally, ANPAC instructed Churchwell Fire Services to close his file and not issue a report. (ECF No. 86 ¶ 19.)

## II.     Discussion

In his Motion, Felix argues that ANPAC should be precluded from introducing evidence that ANPAC ever investigated the 2016 fire as an arson. (ECF No. 87 at 3-6.) First, Felix argues ANPAC's arson investigation is irrelevant to its claims in this case. (*Id.* at 2.) Felix argues that the cause of the 2016 fire is irrelevant to ANPAC's claims in this case because ANPAC's claims deal solely with misrepresentations during the claims process *after* the fire. (*Id.* at 3). Second, Felix argues that ANPAC's introduction of evidence of its arson investigation is an improper attempt to introduce character evidence under Federal Rule of Evidence 404. (*Id.* at 3.) And third, Felix argues that evidence of the arson investigation is unduly prejudicial and likely to confuse the issues in violation of Federal Rule of Civil Procedure 403. (*Id.*)

In response, ANPAC argues that the arson investigation is "essential to understanding Felix's financial motive to commit fraud with respect to the second fire." (ECF No. 170 at 3.) The Court disagrees.

First, the Court finds that evidence of investigations into the cause of the 2016 fire is not relevant to the issues in this case. "Evidence is relevant if: (a) it has any tendency to make a fact of consequence more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. The central issue in this case is whether Felix knowingly misrepresented that certain items were destroyed in the 2016 fire. Neither of ANPAC's claims in this case—for insurance fraud and for a declaratory judgment on ANPAC's coverage decision—involve the cause or origin of the 2016 fire. Rather, ANPAC's claims only involve Felix's conduct during the claims process after the fire. Moreover, the Court

finds that evidence of the arson investigation is not relevant to Felix's financial motive to commit insurance fraud during the claims process.

Second, the Court finds that evidence of the arson investigation, even if it were relevant, would fail the Rule 403 balancing test. *See* FED. R. EVID. 403. "The Court may exclude relevant evidence [under Rule 403] if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or presenting needlessly cumulative evidence." *Id.* Here, evidence of the arson investigation is likely to unfairly prejudice Felix, confuse the issues in the case, and mislead the jury. If the jury hears evidence that Felix was suspected of committing arson, jurors may conclude that Felix committed insurance fraud by causing the 2016 fire. However, the only issues in this case are whether Felix misrepresented the destruction of certain property after the fire. Evidence of the arson investigation may unnecessarily draw the jury's attention away from what happened after the fire and lead jurors to speculate as to the cause of the fire. Felix would suffer undue prejudice if a juror's decision-making were swayed by the fact that an arson investigation was undertaken. Moreover, if ANPAC were permitted to introduce evidence of the arson investigation, Felix would need to devote significant time in trial to showing that the investigations ultimately did not find that arson had occurred. This would waste time and further confuse the issues. And for these same reasons, evidence of the arson investigation is improper under Rule 404.

Accordingly, Felix's Motion is **GRANTED**.

III.   Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED** that Felix's Motion *in Limine* #5 to Exclude Evidence of or Reference to the Underlying Arson Investigation or Basis for Investigating Arson as the Possible Cause and Origin of the January 23, 2016 Fire (ECF No. 86) is **GRANTED.**

**IT IS FURTHER ORDERED** that ANPAC will not be permitted to introduce evidence of investigations into the cause of the 2016 fire.

DATED: November 21, 2018    BY THE COURT:

_____
**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**