**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY, )<br>)<br>Plaintiff/Counterclaim-Defendant )<br>)<br>v. )<br>)<br>DANIEL J. FELIX, )<br>)<br>Defendant/Counterclaim-Plaintiff ) | CIVIL ACTION<br><br>NO. 16-147-KRG |

**PLAINTIFF/COUNTERCLAIM DEFENDANT AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY'S MOTION PURSUANT TO FED. R. CIV. P. 50 AND 59 SEEKING JUDGMENT AS A MATTER OF LAW AND/OR TO ALTER OR AMEND JUDGMENT, AND/OR FOR A NEW TRIAL**

Plaintiff/Counterclaim Defendant American National Property and Casualty Company ("American National"), by and through its undersigned counsel, hereby files this Motion Pursuant to Fed. R. Civ. P. 50 and 59 Seeking Judgment as a Matter of Law and/or To Alter or Amend Judgment, and/or For A New Trial, and in support thereof avers as follows:

1. A jury trial was conducted in this matter before the Honorable Kim R. Gibson commencing on November 26, 2018.

2. After deliberating only a little more than an hour, the jury of twelve returned its unanimous verdict on December 4, 2018.

3. The jury rejected American National's position under the Concealment or Fraud condition and Pennsylvania's Civil Insurance Fraud statute.

4. The jury held that American National breached the applicable insurance Policy by failing to pay Defendant/Counterclaim-Plaintiff Daniel Felix ("Felix") in connection with his claim.

5. Specifically, on the Jury Verdict Slip [ECF Doc. No. 218], the jury awarded:

        Loss of dwelling:        $727,024.33, "plus 25% endorsement"
        Loss of contents:        $501,516
        Loss of use:        $146,620
        Services from
          Robert L. Felix        $3,800

6.    After the jury returned its verdict, the Court *sua sponte* added 25% to the Dwelling damage award; this action added $181,756.08, bringing the total award for Loss of Dwelling to $908,780.41, and the total verdict amount to $1,560,716.41.

7.    In submitting this Motion Seeking Judgment as a Matter of Law and/or To Alter or Amend Judgment, and/or For A New Trial, American National hereby incorporates and relies upon the facts and legal arguments set forth in the accompanying Brief being filed in conjunction with this Motion.

8.    In the unlikely event that the jury's verdict as to American National's claims of intentional misrepresentation, fraud, and false swearing is permitted to stand, it is American National's position that the jury committed serious errors with respect to each and every aspect of Felix's breach of contract claim against American National.

9.    As a consequence of the jury's errors regarding the damages awarded to Felix on his contract claim, American National seeks judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b), and seeks to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59, as follows:

    (a)    As to Felix's claim for Loss of Use/Additional Living Expense ("ALE"), based upon the applicable Policy language and the evidence produced at trial, American National is entitled to judgment in its favor as a matter of law under Rule 50(b).  Alternately, under Rule 59, the jury award as to Felix's claim for Loss of Use/ALE must be molded to zero.

    (b)    As to Felix's claim for Loss of Contents, under Rules 50(b) and 59, based upon the applicable Policy language and the only evidence-supported estimates as to the value of his Contents claim offered into evidence, the jury award as to Felix's claim for Loss of Contents must—at minimum—be reduced to the sum of $257,390.43.

      (c)      As to Felix's claim for Loss of Dwelling, based upon the applicable Policy language and the evidence produced at trial, American National is entitled to judgment in its favor as a matter of law under Rule 50(b) regarding the jury award stating "plus 25% endorsement," thereby negating the Court's adding $181,756.08 to the Loss of Dwelling claim based upon the jury's finding. Alternately, under Rule 59, based upon the applicable Policy language and the evidence produced at trial, the amount allowed by the Court relating to the jury statement "plus 25% endorsement" must be molded to zero.

      (d)      Further as to Felix's claim for Loss of Dwelling, under Rules 50(b) and 59, based upon the applicable Policy language and the testimonial evidence produced at trial, the Loss of Dwelling award must be molded by the Court to $588,453.18.

      (e)      As to Felix's claim for "Services from Robert L. Felix," based upon the applicable Policy language, the evidence produced at trial, the pleadings, and Felix's lack of standing, American National is entitled to judgment in its favor as a matter of law under Rule 50(b). Alternately, under Rule 59, the jury award as to Felix's claim for Services from Robert L. Felix must be molded to zero.

10. Furthermore, pursuant to Rule 59, based upon the foregoing errors and additional legal errors at trial, American National is entitled to a new trial as to all issues raised in American National's Complaint and Felix's Counterclaim, for the following reasons:

      (a)      The jury's verdict is contrary to the applicable law.

      (b)      The jury's verdict is against the evidence.

      (c)      The jury's verdict is against the weight of the evidence.

      (d)      The jury's verdict is unsupported by the evidence presented.

      (e)      As shown above with respect to Felix's claim for breach of contract damages, the jury recklessly disregarded the testimonial and documentary evidence, the Policy language, and the instructions from the Court. The jury simply awarded nearly the full Policy limits, irrespective of Felix's proof of his actual damages, and threw in an extra 25% for the Dwelling claim without proof it was warranted. The verdict suggests that the jury award was motivated by undue sympathy for Felix or unfair animus toward American National, or both, contrary to the Court's instructions.

      (f)      The Court erred and abused its discretion in refusing to allow evidence concerning Felix's first fire loss in March 2013 and the related claim submitted to American National.

(g) The Court erred and abused its discretion in refusing to allow evidence of the extent and result of the cause and origin investigation conducted by American National into the fire of January 23, 2016.

(h) The Court erred and abused its discretion in permitting Felix's counsel to question witnesses concerning the "plus 25% endorsement" to the Policy without offering same into evidence.[1]

(i) The Court erred and abused its discretion by improperly instructing the jury as to the standard applicable to the declaratory judgment claim on fraud.

(j) The Court erred and abused its discretion by refusing to allow voir dire questioning and requested jury charges reflecting the law that if Felix willfully concealed or misrepresented a single material fact or circumstance concerning his insurance claim, the subject insurance Policy would be void.

WHEREFORE, American National respectfully requests that this Honorable Court grant Judgment in its favor as a Matter of Law; or, in the alternative, Alter or Amend the Judgment; or, in the alternative, order a complete new trial. Proposed forms of Order are attached.

Respectfully submitted,

**POST & SCHELL, P.C.**

BY: *[signature]*

**Richard L. McMonigle, Jr., Esq.**
(PA ID: 33565)
**Karyn D. Rienzi, Esq.**
(PA ID: 92034)
**Bryan M. Shay, Esq.**
(PA ID: 205953)
Four Penn Center, 13th Fl.
1600 John F Kennedy Blvd.
Philadelphia, PA  19103
215-587-1019  (phone)
215-587-1444 (fax)
*Attorneys for Plaintiff/Counterclaim Defendant AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY*

**Dated: January 2, 2019**

---

[1] A true and correct copy of this endorsement—which is numbered Endorsement SH-31410 and entitled "Special Protection Package – Silver Series"—is attached hereto as Exhibit "A."