### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY,** | ) ) ) | |
| **Plaintiff/Counterclaim-Defendant** | ) ) | **CIVIL ACTION** |
| **v.** | ) ) | **NO. 16-147-KRG** |
| **DANIEL J. FELIX,** | ) ) ) | |
| **Defendant/Counterclaim-Plaintiff** | ) | |

**PLAINTIFF/COUNTERCLAIM DEFENDANT AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY'S BRIEF IN OPPOSITION TO DEFENDANT/COUNTERCLAIM PLAINTIFF DANIEL J. FELIX'S MOTION FOR COSTS PURSUANT TO FED. R. CIV. P. 54(D)**

## I.   PROCEDURAL AND FACTUAL BACKGROUND

This matter arises from a January 23, 2016 fire that occurred at a residential property owned by Felix located at 975 Frankstown Road in Sidman, Pennsylvania. At the time that the subject fire occurred, the property was insured under a policy of homeowners' insurance issued by American National ("the Policy"), on which Felix was the named insured. American National denied Felix's claim for coverage under the Concealment or Fraud provision of the Policy and initiated the instant action to obtain a judicial declaration that it was not obligated to provide coverage for Felix in relation to the subject fire loss. Felix answered American National's Complaint, and filed a counterclaim for breach of contract. The case proceeded to trial in late November 2016. A jury verdict was rendered in favor of Felix on December 4, 2018 and entered on the docket that date. Felix now seeks to mold the verdict to add an award of $19,843.15 to the verdict amount in connection with costs regarding deposition, exhibit and witness fees.

II.   **APPLICABLE STATUTORY AUTHORITY AND RULES OF COURT GOVERNING THE TAXATION OF COSTS**

The costs eligible to a prevailing party for recoupment under Federal Rule 54(d)(1) are specifically listed in 28 U.S.C. § 1920, which provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1)   Fees of the clerk and marshal;

(2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)   Fees and disbursements for printing and witnesses;

(4)   Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)   Docket fees under section 1923 of this title;

(6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

A trial court has broad discretion to either grant or deny costs within the above-referenced categories established in 28 U.S.C.§ 1920.   *G.H. & M. Constr. & Dev. Co. v. Municipal Sewer & Water Auth. Of Cranberry Twp.*, 1983 U.S. Dist. LEXIS 17539, *3 (W.D. Pa. Apr. 21, 1983); *Wehr v. Burroughs Corp.*, 477 F. Supp. 1012, 1022 (E.D. Pa. 1979). However, one may not recover every expense that is involved in litigation. *Pearlstine v. United States*, 649 F.2d 194, 198-99 (3d Cir. 1981).  Only those costs that are enumerated in § 1920 are recoverable.   *Philadelphia Mortgage Trust v. Touche Ross & Co.*, 930 F.2d 306, 310 (3d Cir. 1991).  In exercising its discretion in taxing costs, a district court must examine those expenses

that the prevailing party claims are taxable in their relation to the litigation. *Municipal Sewer &*

*Water Auth. Of Cranberry Twp.*, 1983 U.S. Dist. LEXIS 17539 at \*3.

## III.   LEGAL ARGUMENT IN OPPOSITION TO FELIX'S MOTION FOR COSTS

### A.   THE COURT SHOULD DENY FELIX'S MOTION AS PREMATURE

The Court should deny Felix's Motion and defer its ruling because American National

has filed a Motion Pursuant to Fed. R. Civ. Pro. 50 and 59 Seeking Judgment as a Matter of Law

and/or to Alter or Amend Judgment, and/or for a New Trial (hereinafter "Plaintiff's Post-Verdict

Motions").  There is therefore no final judgment upon which to tax costs or a clear "prevailing

party" entitled to an award of costs at this time.

Local Rule of Court 54(B)(1), Taxation of costs, provides:

> 1. **Absent extenuating circumstances, the Clerk of Court will
> tax costs for a prevailing party *only after the time for filing an
> appeal has expired*.  Generally, costs will not be taxed while an
> appeal is pending because of the possibility that the judgment
> will be reversed.**  However, if a party believes there is a reason
> why there should be an immediate taxation in a particular case, that
> party may make a written request for taxation prior to resolution of
> the appeal.

The deadline for American National to file an appeal has yet to expire.   There is also no final

judgment and Felix has not decisively been declared the "prevailing party" as required for an

award of costs to be issued pursuant to Fed. R. Civ. P. 54(d).  American National has 30 days

from the date a final judgment is entered following the Court's ruling on "Plaintiff's Post-Verdict

Motions" to appeal that judgment the Third Circuit Court of Appeals.   *See* Fed. R. App. P.

4(a)(1)(A).   Likewise, there is a strong possibility that the judgment will be reversed in full, or

in part, because the relief which American National seeks in its Post-Verdict Motions is to

reverse or, alternatively, significantly reduce the jury verdict.   Despite this likelihood, Felix has

failed to identify a single reason as to why immediate taxation is warranted in this instance.   For

these reasons, Felix's Motion should be denied.  Furthermore, the taxation of costs he seeks against American National should be deferred until American National's Post-Verdict Motions are decided by this Court and American National's opportunity to file a subsequent appeal to the Third Circuit has expired.

**B.      THE COURT SHOULD DENY FELIX'S MOTION BECAUSE HE HAS FAILED TO FILE A BILL OF COSTS AS REQUIRED BY 28 U.S.C. §§ 1920, 1924 AND LOCAL CIVIL RULE 54(B).**

Felix's Motion should also be denied for failing to comply with 28 U.S.C. §§ 1920, 1924 and Local Rule of Court 54(B).  This authority requires the filing of a bill of costs and accompanying affidavit or attorney verification. 28 U.S.C. § 1920, Taxation of Costs, specifically provides that before a judge or clerk of any court of the United States may tax costs . . . "A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree." 28 U.S.C. § 1924, Verification of bill of costs, provides:

> Before any bill of costs is taxed, the party claiming any item of costs or disbursements shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.

Local Rule of Court 54(B) incorporates these statutory requirements by making a bill of costs as requirement for the taxation of costs.  This rule provides that, "[u]pon receipt of a bill of costs, the Clerk of Court will issue a schedule for objections and responses." LR 54(B).  Additionally, The Western District's Attorney Handbook clearly iterates that a bill of costs is to be prepared by the prevailing party and should reflect all costs incurred by the prevailing party.  It also provides the link to a bill of costs template which requires an itemization of the requested costs in all categories to be attached to the bill along with a declaration from counsel, under penalty of perjury, that the costs set forth in the bill are correct and necessarily incurred.

Felix has neither filed a bill of costs nor the attached supporting documentation, affidavit or verification required by 28 U.S.C. § 1920, § 1924 and Local Rule 54(B).   He has also failed to put forth any explanation as to why the costs he seeks were necessarily incurred.   His Motion should therefore be denied for failing to comply with the prerequisites for the taxation of costs in this jurisdiction.

**C.     IF IT IS DETERMINED THAT FELIX IS ENTITLED TO A RULING A THIS TIME, THE DEPOSITION AND WITNESS COSTS SHOULD REDUCED BY $5,375.28 TO $14,467.87.**

American National strongly maintains Felix's Motion for Costs should be denied as premature and deficient for failing to include a bill of costs with supporting documentation along with an affidavit or verification regarding the necessity of costs.   However, in the event that the Court determines that Felix's Motion should be ruled upon at this time, the deposition and witness costs he seeks should be reduced by at least $5,375.28 to $14,467.28.

### 1.     Deposition Costs

Felix claims he is entitled to $18,027.03 in depositions costs.   This figure includes $1,597.00 in costs with respect to the deposition of Joseph Hudock taken on May 16, 2017; $1,467.63 in costs with respect to the deposition of Mark Van Dyke taken on June 6, 2017 and $1,972.57 in costs with respect to the deposition of Matt Berry Taken on June 7, 2017.   *See* Exhibits "A" –"C" to American National's Response to Felix's Motion.   In order for the costs associated with these three depositions to be recoverable by Felix, the depositions must have been "reasonably necessary to the prosecution of the case." *Municipal Sewer & Water Auth. Of Cranberry Twp.*, 1983 U.S. Dist. LEXIS 17539 at *6-*9.   To this end, subsection (1)(e) of Section VIIG, **POST-JUDGMENT INSTRUMENTS**, of The Western District's Attorney Handbook clearly iterates that:

> Taxable depositions would be depositions read into the record, used for cross examination or in support of dispositive motions. Discovery depositions taken only for discovery are not taxable.

The depositions of Joseph Hudock, Mark Van Dyke and Matt Berry were not necessary to Felix's defense of American National's claims or the presentation of his counterclaim for breach of contract. In fact, nowhere in Felix's Motion does he explain how any one of these three depositions was necessary to his case. At the same time, none of these depositions were read into the record, used by Felix on cross-examination or in support of his motion for summary judgment. Accordingly, the $5,037.20 in depositions costs he allegedly incurred with respect to the three above-referenced depositions should be reduced from the $18,027.03 in deposition costs Felix seeks to have taxed against American National.

### 2. Witness Costs

Felix also claims an entitlement to $739.12 in fees and disbursements for witnesses. This figure includes $338.08 in costs associated with the November 30, 2018 trial subpoena of Jim Wetzel. *See* Exhibit "D" to American National's Response to Felix's Motion. Like deposition costs, for witness costs to be taxable, they must have been necessary to Felix's case/defense. *Municipal Sewer & Water Auth. Of Cranberry Twp.*, 1983 U.S. Dist. LEXIS 17539 at *12. Consistent with this standard, at Section VII(G)(1)(d), The Western District's Attorney Handbook, in no uncertain terms, provides that "[w]itness fees are for those witnesses who actually appeared and testified . . ."

Although Mr. Wetzel was subpoenaed by Felix, he never actually appeared or testified at trial. Mr. Wetzel was clearly not a witness whose testimony was necessary to Felix case. If he were, perhaps Felix would have made some allusion as to why Mr. Wetzel was an important witness for his case, but never actually testified at trial. For these reasons, it is respectfully requested that the Court disallow the $338.08 in costs associated with Mr. Wetzel's deposition.

6

Together with the $5,037.20 in deposition costs, there is therefore a total of $5,375.28 in costs which should be deducted from the $19,843.15 Felix seeks for a total reduction of $14,467.87 in taxable costs.

IV.    **CONCLUSION**

For the reasons set forth herein, Felix's Motion for Costs should be denied as premature and for failing to include a bill of costs with the requisite supporting documentation and verification. The Court should defer its ruling until disposition of the pending Plaintiff's Post-Verdict Motions and the expiration of the deadline for American National to file a subsequent appeal. Alternatively, the Court should reduce the taxable costs to $14,467.87.

Respectfully submitted,

**POST & SCHELL, P.C.**

BY:    _____

**Richard L. McMonigle, Jr., Esq.**
    (PA ID: 33565)
**Bryan M. Shay, Esq.**
    (PA ID: 205953)
Four Penn Center, 13th Fl.
1600 John F Kennedy Blvd.
Philadelphia, PA  19103
215-587-1019  (phone)
215-587-1444 (fax)
*Attorneys for Plaintiff/Counterclaim*
*Defendant AMERICAN NATIONAL*
*PROPERTY AND CASUALTY COMPANY*

Dated: <u>1/02/2019</u>

7

## CERTIFICATE OF SERVICE

I, Richard L. McMonigle, Esquire, hereby certify that I caused a true and correct copy of the foregoing Plaintiff/Counterclaim Defendant's Brief in Opposition to Defendant/Counterclaim Plaintiff's Motion for Costs Pursuant to Fed. R. Civ. P. 54(d) to be filed with the Court via its ECF service.  Service of the foregoing Brief was made on all counsel of record via the Court's ECF system.

**POST & SCHELL, P.C.**

BY:  **Richard L. McMonigle, Jr., Esq.**
  (PA ID: 33565)
  **Bryan M. Shay, Esq.**
  (PA ID: 205953)
  Four Penn Center, 13th Fl.
  1600 John F Kennedy Blvd.
  Philadelphia, PA  19103
  215-587-1019  (phone)
  215-587-1444 (fax)
  *Attorneys for Plaintiff/Counterclaim*
  *Defendant AMERICAN NATIONAL*
  *PROPERTY AND CASUALTY COMPANY*

**Dated: 1/02/2019**

8